# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                No. 4:06CR00317 JLH

TOM PAPACHRISTOU

## OPINION AND ORDER

Tom Papachristou waived indictment and pled guilty to a felony information charging that he knowingly and with the intent to defraud falsified a material fact concerning an aircraft in violation of 18 U.S.C. § 38. According to the presentence report, Papachristou changed data plates and registration numbers on a cropduster owned by 3 D.S.A. Inc. to make it appear that the aircraft was owned by Omni Holding and Development Corporation, a company in which Papachristou has an interest. As a result, 3 D.S.A. Inc. was deprived of income in the amount of $62,208.21, which Omni owed pursuant to a contract whereby it leased the aircraft from 3 D.S.A. Inc. Papachristou was found liable to 3 D.S.A. Inc. in a civil action filed in the Circuit Court of Crittenden County, Arkansas. According to the presentence report, in an Order and Judgment entered by that court on May 19, 2003, Papachristou was cited with contempt of court and was ordered to return planes and to pay $75,000 in punitive damages. In a settlement agreement dated April 26, 2004, it was noted that the aircraft were returned, the contempt charge and pending litigation were dismissed, and $75,000 was paid to 3 D.S.A. Inc.

On March 7, 2007, this Court sentenced Papachristou to one year of probation with six months in a residential reentry center, a $2,000 fine, and a $100 special assessment. That sentence was imposed pursuant to U.S.S.G. § 5C1.1(c)(3) inasmuch as the sentencing guidelines range for Papachristou's case fell into Zone B of the sentencing table. The judgment and commitment order provides that, for the six months during which Papachristou must reside in the residential reentry

center, he will not be permitted to travel outside of the boundaries of the Eastern District of Arkansas and the Western District of Tennessee. For the last six months of his probation, he will be permitted to travel abroad.

On March 15, 2007, Papachristou filed a motion for stay of judgment and commitment. In that motion, he requested that the date on which he must report to the residential reentry center be postponed until May 7, 2007; that he be permitted to travel abroad for business once before reporting to the residential reentry center; and that the Court waive paragraph 13 of the standard conditions of supervision, which provides that, as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and that the defendant shall permit the probation officer to make such notifications and to confirm the defendant's compliance with the notification requirement. The Court postponed Papachristou's report date to May 7, 2007, and authorized him to travel abroad once before that date, but the Court declined to waive the requirement in paragraph 13 of the standard conditions of supervision.

Now, Papachristou has filed a motion for reconsideration in which he requests that the Court amend the judgment so that he will not be detained. He refers to international business ventures that he believes will be adversely effected by his confinement in a residential reentry center for six months, and he requests a hearing at which the nature of these business ventures can be explained more thoroughly.

In imposing sentence, the Court considered all of the factors under 18 U.S.C. § 3553(a) and considered the sentencing guidelines as advisory. After careful consideration, the Court concluded that this was not a case in which it would be appropriate to depart or vary downward from the guidelines. This was a crime of intentional dishonesty. It was planned and then implemented with the help of other persons who acted under Papachristou's direction and control. Although the victim

2

had been compensated before the information was filed here, that compensation was paid only after the victim filed and pursued civil litigation, so the fact that the victim was compensated does not make this an appropriate case for a departure.[1] *See* U.S.S.G. § 5K.2.0(d)(5). According to the presentence report, Papachristou has previously had other encounters with the criminal justice system. Two of those earlier encounters resulted from crimes of dishonesty. In 1987, Papachristou pled guilty in the United States District Court for the Southern District of Mississippi to transportation of stolen goods and was sentenced to probation. In 1998, he pled guilty in a Louisiana court to theft of less than $100 and removal of identifying numbers from a motor vehicle. He received a six-month suspended sentence, and the record was later expunged. Those previous encounters with the criminal justice system did not result in any criminal history points and so were not used in calculating the guideline range for Papachristou's sentence. However, they militate against consideration of a downward departure or variance in this case.

One year of probation with six months confinement in a residential reentry center is nearly the most lenient sentence that could be imposed under the guidelines. Despite the fact that he pled guilty to a felony and admitted to a crime of dishonesty, after sentencing Papachristou asked the Court to waive the standard condition that requires that, as directed by the probation officer, he shall notify third parties of risks that may be occasioned by his criminal record and personal history; and he now asks that the Court to impose no condition that would interfere with his transacting international business, allegedly involving millions of dollars, even for a period of six months. That request will be denied. The Court believes that the sentence imposed is an appropriate sentence

---

[1] The government regards the FAA as the victim in this case because changing the data plates and registration numbers creates safety issues, but Papachristou argued at the sentencing hearing that his payment to 3 D.S.A. constituted extraordinary restitution.

under 18 U.S.C. § 3553(a). The nature and circumstances of the offense, and Papachristou's history and characteristics, require, at a minimum, one year of probation with six months confinement to a residential reentry center. Likewise, the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of this defendant, all require, at a minimum, the sentence already imposed by the Court.

Assuming that everything in Papachristou's motion for reconsideration is true, those facts would not change the Court's determination of the appropriate sentence under 18 U.S.C. § 3553(c) and the advisory guidelines. Indeed, the Court assumed when imposing sentence that the six months of confinement would adversely impact Papachristou's international business. The Court consciously considered that point before imposing sentence. The Court concluded at sentencing and believes now that a felon convicted of a crime of dishonesty should not complain that his travel must be limited to the Eastern District of Arkansas and the Western District of Tennessee for a period of six months. It would accomplish nothing to conduct a hearing other than to hold out false hope that the sentence may be amended. The sentence will not be amended. The motion for reconsideration is DENIED. Document #16.

IT IS SO ORDERED this 21st day of March, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE